UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:20-CV-00604-FDW-DSC

| | |
|---|---|
| WILEK ABRAHAM BEY,<br><br>Plaintiff,<br><br>v.<br><br>ALL FEDERAL, STATE, COUNTY, CITY, TOWN, VILLAGE JUDGES, COURT CLERKS, COUNTY CLERKS, COUNTY SHERIFFS AND U.S. MARSHALLS,<br><br>Defendants. | **ORDER** |

THIS MATTER is before the Court *sua sponte* regarding the status of this case. "A district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute[.] . . . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R.R. Co., 370 U.S. 626,630-31 (1962)). Furthermore, "aside from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases . . . ." Erline Co., 440 F.3d at 654. Rule 41(b) of the Federal Rules of Civil Procedure permits an involuntary dismissal for failure to prosecute a case. This could include a party's failure to timely serve the Summons and Complaint, as well as a party's failure to promptly move for entry of default or other relief against parties who have failed to timely respond to service.

Here, the docket demonstrates this matter has been dormant since November 2, 2020, when Plaintiff filed his Pro Se Petition for Writ of Mandamus. (Doc. No. 1). A Notice of Deficiency was

1

mailed to Plaintiff's address of record, but the Notice was returned as "undeliverable." (Doc. Nos. 2, 3). Plaintiff has a duty to inform the Court of any address changes, and his failure to do so subjects him to dismissal for lack of prosecution. Accord Walker v. Moak, No. 07-738, 2008 WL 4722386, at *3 (E.D. La. Oct. 22, 2008) (dismissing without prejudice for failure to prosecute under Fed. R. Civ. P. 41(b) when the plaintiff did not notify the court of his new address). Moreover, Plaintiff has failed to take *any* action in this matter beyond the filing of his Complaint on November 2, 2020. (Doc. No. 1).

IT IS THEREFORE ORDERED that this matter is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Signed: September 1, 2021

Frank D. Whitney
United States District Judge